IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ISMAEL TABLADA, ) | |
| ) | Civil No. 06-762-MO |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER TO DISMISS |
| CHARLES DANIELS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

MOSMAN, District Judge.

    Petitioner, an inmate at FCI-Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking to challenge the computation of his good-time credits. Petitioner maintains that the statutory scheme concerning good-time credits requires that he receive 54 days of good time credit for each year of his sentence. He contends that the current scheme which awards him 47 days of good time credits should be invalidated because: (1) the Bureau of Prisons ("BOP") misinterpreted the plain language of 18 U.S.C. § 3624(b); (2) <u>Chevron</u> deference should not extend to the BOP's

1 - ORDER TO DISMISS

interpretation of § 3624(b) because the Program Statement through which it was implemented did not comply with the Administrative Procedures Act; (3) the rule of lenity requires the court to read the statute in the way most favorable to him; and (4) the BOP's interpretation of § 3624(b) should not apply to him because he was convicted prior to the passage of Program Statement 5880.028.

## **STANDARDS**

Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."  The only habeas corpus action covered by Rule 1(a) is the 28 U.S.C. § 2254 action.  Accordingly, the court elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241.

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 Cases.  "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)(quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)); see also 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## DISCUSSION

The Ninth Circuit has repeatedly held that the BOP's interpretation of § 3624(b) is reasonable and entitled to deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). The Ninth Circuit also rejected the argument petitioner makes in his Petition based on the application of the rule of lenity. Pacheco-Camacho, 272 F.3d at 1271-72.

However, petitioner appears to raise an *ex post facto* issue concerning the application of the BOP's good conduct time interpretation to his 1990 sentence. This issue warrants briefing by the parties. Accordingly, the parties shall brief the following issue only: whether the application of the BOP's interpretation of § 3624(b) to petitioner's 1990 conviction violates his right to be free from *ex post facto* punishment.

## CONCLUSION

With the exception of petitioner's *ex post facto* claim, all grounds for relief stated in the Petition for Writ of Habeas Corpus (#1) are summarily DENIED. The sole remaining issue for disposition in this case is whether the application of the Bureau

3 - ORDER TO DISMISS

of Prisons' interpretation of 18 U.S.C. § 3624(b) violates the *Ex Post Facto* Clause.

    IT IS SO ORDERED.

    DATED this <u>  18th  </u> day of July, 2006.

                        <u> /s/Michael W. Mosman      </u>
                          Michael W. Mosman
                          United States District Judge