IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ISMAEL TABLADA,                    )
                                   )    Civil No. 06-762-MO
          Petitioner,              )
                                   )
     v.                            )
                                   )
CHARLES DANIELS,                   )
                                   )    OPINION AND ORDER
          Respondent.              )

     Stephen R. Sady
     Chief Deputy Federal Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Karin J. Immergut
     United States Attorney
     Scott Erik Asphaug
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR 97204-2902

          Attorneys for Respondent

///


          1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in which he challenges the Bureau of Prisons' method for calculating good conduct time ("GCT") toward the service of his federal sentence.  For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#21) is denied.

## BACKGROUND

On December 17, 1990, petitioner was convicted in the District of Minnesota of a narcotics offense in violation of 18 U.S.C. § 846. Petitioner currently has a GCT projected release date of April 16, 2008 at which time he will be subject to deportation.

Petitioner filed this habeas corpus action challenging the method utilized by the Bureau of Prisons ("BOP") to calculate his GCT.  Petitioner argues that GCT should be derived from the length of the sentence imposed, not the time an inmate actually serves in prison.  Specifically, petitioner raises the following grounds for relief:

1.   The BOP's decision to award petitioner GCT on a time served basis violates the Administrative Procedures Act, 5 U.S.C. §§ 553 and 706; and

2.   The BOP's decision to apply its interpretation of 18 U.S.C. § 3624(b) to petitioner's case violates the *Ex Post Facto* Clause.

Petitioner therefore asks the court to invalidate the method the BOP currently uses to calculate GCT, and order respondent to recalculate his sentence accordingly.

2 - OPINION AND ORDER

## DISCUSSION

### I.   Application of the Administrative Procedures Act ("APA").

The statute governing the allocation of good time credits to federal prisoners provides, in relevant part, the following:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).

The BOP's implementing regulation provides as follows:

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. § 523.20.

Petitioner argues that 28 C.F.R. § 523.20 was not promulgated through the notice-and-comment requirements of § 553 of the APA, and is therefore invalid.  Section 553 of the APA requires that an agency: (1) publish notice of the proposed rule in the Federal Register at least 30 days prior to the rule's effective date; and (2) provide the public with an opportunity to comment on the rule.

The BOP published 28 C.F.R. § 523.20 for comment in 1997 as an interim rule.  62 Fed. Reg. 50786-01, 50786-87 (Sept. 26, 1997).

3 - OPINION AND ORDER

No public comments were submitted, and in 2003 the BOP published a change (pertaining to inmate literacy) to the proposed rule and again accepted comments. 68 Fed. Reg. 37776-01, 37776-77 (June 25, 2003). 28 C.F.R. § 523.20 became final on December 5, 2005. 70 Fed. Reg. 66752-01, 66752-53 (Nov. 3, 2005). It is therefore clear that the BOP promulgated this regulation through the notice-and-comment procedure. Moreover, the Ninth Circuit has clearly stated that the "BOP regulation in question, 28 C.F.R. § 523.20, was adopted through the notice-and-comment procedure. . . ." Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001). Accordingly, petitioner's allegations on this point are without merit.

Petitioner also argues that the court should invalidate the BOP's method of calculating GCT under § 706(2)(A) of the APA which provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance of law." Petitioner's argument is based on his assertion that the U.S. Sentencing Commission, not the BOP, was vested with the authority to implement the Sentencing Reform Act of 1984, and that the BOP failed to consider the Sentencing Commission's alternative interpretation of § 3624(b)(1) when promulgating 28 C.F.R. § 523.20. Consequently, petitioner concludes that the regulation is unreasonable and irrational.

4 - OPINION AND ORDER

Assuming that 18 U.S.C. § 3625 does not preclude consideration of this issue,[1] the Ninth Circuit clearly found that § 3624(b)(1) is ambiguous, and that "[t]he BOP regulation that adopts the term served rather than the sentence imposed as the basis for the proration . . . falls within the implied statutory authority of the BOP." Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270 (9th Cir. 2001). Not only did the Pacheco-Camacho court find that the BOP had the statutory authority to promulgate 28 C.F.R. 523.20, it also concluded that the BOP's interpretation of § 3624(b)(1) is reasonable and considered the "sentence imposed" calculation proposed by the petitioner to be "inconsistent with the statute . . . ." Id at 1268. The Ninth Circuit revisited the issue again in Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005), and reiterated that the BOP's interpretation of § 3624(b)(1) was reasonable. Id at 995-999.

Petitioner asserts that Pacheco-Camacho and Mujahid are unconstitutional rulings and violate the basic rules of statutory construction. Petitioner is unable to cite to any Supreme Court or

---

[1]  18 U.S.C. § 3625 provides that various sections of the APA, including § 706, do not apply "to the making of any determination, decision, or order under this subchapter." The statute underlying the current action, 18 U.S.C. § 3624(b), is included in the "subchapter" identified in § 3625. See Krilich v. Federal Bureau of Prisons, 346 F.3d 157, 158 n. 2 (6th Cir. 2003) (§ 3625 applies to 18 U.S.C. §§ 3621, et seq.). Because it is unclear whether the promulgation of a rule constitutes a "determination, decision, or order" under § 3625, the court resolves this claim on the merits.

en banc Ninth Circuit decision invalidating <u>Pacheco-Camacho</u> or
<u>Mujahid</u>.  Instead, he cites a comment by Supreme Court Justice John
Paul Stevens made during the Court's denial of certiorari
pertaining to a Fifth Circuit case.  Justice Stephens stated that
the calculation of GCT "has sufficient importance to merit further
study, not only by judges but by other Government officials as
well."  <u>Moreland v. Federal Bureau of Prisons</u>, 126 S.Ct. 1906
(2006) (Stevens, J., statement respecting denial of certiorari).
This statement is insufficient to cast doubt on the vitality of
<u>Pacheco-Camacho</u> and <u>Mujahid</u>.

Even if this court were not bound by Ninth Circuit precedent,
a variety of other circuit courts have determined that the BOP's
method for calculating GCT is reasonable.  <u>See</u> <u>Brown v. McFadden</u>,
416 F.3d 1271, 1273 (11th Cir. 2005); <u>Yi v. Federal Bureau of
Prisons</u>, 412 F.3d 526, 534 (4th Cir. 2005); <u>Perez-Olivio v. Chavez</u>,
394 F.3d 45, 53 (1st Cir. 2005); <u>O'Donald v. Johns</u>, 402 F.3d 172,
174 (3d Cir. 2005); <u>Bernitt v. Martinez</u>, 432 F.3d 868, 869 (8th
Cir. 2005); <u>White v. Schibana</u>, 390 F.3d 997, 1002-03 (7th Cit.
2004).  In light of the binding precedent of this Circuit, as well
as the opinions of numerous other circuits holding that the BOP's
method for calculating GCT is reasonable, the court cannot conclude
that the BOP's method is arbitrary, capricious, an abuse of
discretion, or otherwise not in accordance with the law.
///

## II. *Ex Post Facto* Challenge.

Petitioner also asserts that the current calculation of his GCT violates the *Ex Post Facto* Clause because 28 C.F.R. § 523.20 had not been implemented at the time he committed his crime in 1990. He argues that at the time of his offense, only the Sentencing Commission's "sentence imposed" interpretation of § 3624(b) was in existence, and that interpretation was more favorable to him than the "time served" interpretation the BOP currently applies. He therefore contends that he had a settled expectation regarding the calculation of his GCT based on the Sentencing Commission's interpretation.

The *Ex Post Facto* Clause of the U.S. Constitution prohibits the enactment of laws which, by retroactive operation, increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 250 (2000). A law violates the *Ex Post Facto* Clause if: (1) it "appl[ies] to events occurring before its enactment," Weaver v. Graham, 450 U.S. 24, 29 (1981); and "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 504 (1995).

While 28 C.F.R. § 523.20 was not formally implemented until 1997, the BOP has consistently calculated GCT using the time served methodology since the adoption of the Comprehensive Crime Control Act of 1984. See Declaration of Scott Erik Asphaug, p. 2. Because

7 - OPINION AND ORDER

the BOP has consistently calculated GCT based on a prisoner's time served, and since this practice predates petitioner's underlying crime, petitioner did not have a settled expectation in an alternative interpretation and was not disadvantaged by the enactment of 28 C.F.R. § 523.20.  Accordingly, there is no *ex post facto* violation.

### CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#21) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this ___11th___ day of May, 2007.


        __/s/Michael W. Mosman_____
          Michael W. Mosman
          United States District Judge

8 - OPINION AND ORDER